

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00108-CR

REGINALD DEROD DOTSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 082141-A-CR, Honorable Dee Johnson, Presiding

November 28, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Reginald Derod Dotson, was convicted by a jury of theft of property valued at $2,500, double enhanced, and was sentenced to two years in a state jail facility.[1] By a sole issue, he maintains the trial court erred in denying his motion to quash the indictment. We affirm.

---

[1] TEX. PENAL CODE ANN. § 31.03(a), (b)(1), (e)(4)(D).

BACKGROUND

In January 2022, a loss prevention officer at Home Depot observed Appellant and another individual place expensive power tools worth approximately $1,600 inside a shopping cart and attempt to exit the store without payment. Appellant was indicted for theft of property valued at less than $2,500, enhanced by two prior theft convictions.

After the jury was seated, defense counsel realized the indictment incorrectly recited that Appellant unlawfully appropriated the power tools "with," rather than "without," the effective consent of the owner.[2] Defense counsel made an oral motion to quash the indictment alleging it failed to state an offense. The State argued the error was merely a typographical error which could be remedied by a hypothetically correct jury charge.[3] Ultimately, the trial court denied the motion to quash as untimely and ruled the mistake was merely a clerical error which did not deprive Appellant of fair notice of the charge against him.

## APPLICABLE LAW

A person commits theft if with intent to deprive the owner of property, he unlawfully appropriates the property "without the owner's effective consent." TEX. PENAL CODE ANN. § 31.03(a), (b)(1). "Everything should be stated in an indictment which is necessary to

---

[2] Section 31.03(b)(1) defines appropriation of property as unlawful if done "without the owner's effective consent."

[3] Typographical errors in a charging instrument do not divest the court of jurisdiction over the cause when the instrument nonetheless affords the defendant notice of the charge. *See Stevens v. State*, No. 06-05-00235-CR, 2006 Tex. App. LEXIS 3671, at *9 (Tex. App.—Texarkana May 2, 2006, pet. ref'd) (mem. op.) (not designated for publication) (noting typographical error did not divest the trial court of jurisdiction because the charging instrument identified the penal statute under which the State intended to prosecute and the error did not deny the appellant of such notice).

be proved." TEX. CODE CRIM. PROC. ANN. art. 21.03. An indictment is sufficient if it charges as follows:

> the commission of the offense in ordinary and concise language in such a manner as to enable the person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.

Art. 21.11. The definition of an indictment under Article V, section 12 of the Texas Constitution is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. TEX. CONST. art. V., § 12. Thus, an indictment must (1) charge a person and (2) charge the commission of an offense. *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018).

## STANDARD OF REVIEW

A motion to quash challenging the sufficiency of an indictment is a question of law reviewed de novo. *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019). A charging instrument must convey sufficient notice to allow the accused to prepare a defense. *State v. Ross*, 573 S.W.3d 817, 820 (Tex. Crim. App. 2019). Generally, an indictment which tracks the statutory text of an offense is sufficient to provide a defendant with adequate cause. *State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008).

## ANALYSIS

By his sole issue, Appellant contends the trial court erred in denying his motion to quash the indictment because by reciting the theft occurred "with" the owner's consent, it failed to allege an offense and was therefore void and insufficient to vest the trial court with jurisdiction. He posits that even if defense counsel did not properly preserve the

error, such an issue is not subject to waiver because the defective indictment deprived the trial court of jurisdiction. We disagree.

Article 1.14(b) of the Texas Code of Criminal Procedure provides in part as follows:

> [i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal . . . .

An objection on the day of trial is untimely to preserve error for appeal. *State v. Turner*, 898 S.W.2d 303, 306 (Tex. Crim. App. 1995), *overruled on other grounds*, *Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998). One of several exceptions to defects of substance is that the indictment does not appear to allege an offense was committed. TEX. CODE CRIM. PROC. ANN. art. 27.08(1).

In *Studer v. State*, 799 S.W.2d 263, 265–73 (Tex. Crim. App. 1990), the Court held after an extensive review of the 1985 amendments to article 1.14 of the Code and article V, section 12(b) of the Texas Constitution that a substantively defective indictment did not deprive the trial court of jurisdiction once it was presented "by an attorney for the State."[4] It was then incumbent on the defendant to object before trial to the substantive error and failure to do so resulted in procedural default. *Id.* at 273. *Studer* concluded the 1985 amendments made the specifics of an indictment statutory requirements, not constitutional requirements, thereby making all substantive defects waiveable. *Teal v. State*, 230 S.W.3d 172, 178 (Tex. Crim. App. 2007).

---

[4] Article V, section 12 was amended in 1985 so that "mere presentment of an indictment, rather than the substance of the indictment," confers jurisdiction on the trial court. *Walker v. State*, 594 S.W.3d 330, 339 (Tex. Crim. App. 2020).

The test to determine if a charging instrument alleges "an offense" is whether the allegations are clear enough for one to identify the offense alleged. *Id.* at 180. In other words, can the trial court, appellate court, and defendant identify what penal code provision is alleged to have been violated and does that provision vest the trial court with jurisdiction? *Id.* Additionally, the face of an indictment may be considered in determining whether an offense is alleged. *Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009).

In the underlying case, the face of the indictment provides "Offense: THEFT PROP >[sic]$2,500 2/MORE PREV CONV" and the statute allegedly violated provides "P.C. § 31.03(e)(4)(D)" with a punishment grade of "State Jail Felony." The indictment also names Appellant as the defendant. Thus, the indictment complies with the constitutionally required elements and conferred jurisdiction on the trial court. A pretrial objection was required by Appellant to preserve his complaint that the word "with" instead of "without" the effective consent of the owner rendered the indictment substantially defective.[5] His objection after the jury was seated came too late. The trial court did not err in denying Appellant's motion to quash the indictment. His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

---

[5] The record shows Appellant was not harmed by the error as defense counsel acknowledged to the trial court he was prepared to defend a theft case.

5